RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1/6/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

TRAVIS DENORRIS ARNOLD     DOCKET NO. 13-CV-2727; SEC. P

VERSUS     JUDGE DEE D. DRELL

U.S.A.     MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Travis Denorris Arnold. Petitioner is an inmate in the custody of the Bureau of Prisons (BOP), incarcerated at the United States Penitentiary in Pollock, Louisiana. Although he styles this as a habeas petition, he does not seek any form of relief available through a petition for writ of habeas corpus.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

On June 12, 2009, Petitioner's supervised release was revoked in the United States District Court for the Middle District of North Carolina. [U.S. v. Arnold, 1:08-cr-288 MDNC, Doc. #10] He was sentenced to two terms of imprisonment of fifteen months, to run concurrently and to pay the unpaid balance of his restitution. [Id.] He is incarcerated at USP Pollock.

### Law and Analysis

Habeas relief cannot be had absent the deprivation of some

right secured to the petitioner by the United States Constitution or the laws of the United States. See Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). In this case, Petitioner does not allege to have been deprived of any right given to him by the U.S. Constitution or laws of this Country. In fact, he claims that he has no use for this Country and is renouncing his citizenship, social security number, and his name. [Doc. #4, p.6-8]

The United States Court of Appeals for the Fifth Circuit has consistently stated that the writ of habeas corpus is not available to a prisoner seeking injunctive relief unrelated to the cause of his detention. See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.1993); Hernadez v. Garrison, 916 F.2d 291, 292-03 (5th Cir.1990)(finding federal prisoner's §2241 petition requesting transfer to another prison not a proper subject for a habeas corpus petition); Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976)("Simply stated, habeas is not available to review questions unrelated to the cause of detention."). A habeas court must confine the scope of its review to considering **the legality of the custody at issue**. Habeas exists "to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; ... it can act only on the body of the petitioner." Zalawadia v. Ashcroft, 371 F.3d 292, 300 (5th Cir. 2004)(citing Fay v. Noia, 372 U.S. 391, 430-31 (1963)).

2

Petitioner's request for relief is that the Court *notify the BOP that Petitioner has the right to initiate deadly force against any conceived threat by BOP staff or other inmates* and that the Court direct the BOP staff to "stay out of my way." Petitioner's request is frivolous. Clearly the remedy requested by Petitioner is not available through a §2241 writ of habeas corpus.

*Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** as frivolous and failing to state a claim for which relief can be granted.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR

AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 6th day of ~~December, 2013~~ January 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE